IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WALTER C. MIDDLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 15 C 9543 |
| | ) | |
| TOM DART, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Pro se prisoner plaintiff Walter Middleton ("Middleton") has utilized three Clerk's-Office-supplied forms -- a Complaint, an In Forma Pauperis Application ("Application") and a Motion for Attorney Representation ("Motion") -- to bring an action against Sheriff Tom Dart under 42 U.S.C. § 1983. Middleton charges that his constitutional rights were violated when, after (1) he was booked into the Cook County Department of Corrections ("County Jail") facility on August 20, 2015, (2) he apprised the medical staff about his sleep apnea condition and (3) he requested that he be provided with the medical device needed to avoid a cessation of breathing while he slept, that request was not honored for fully six weeks (until October 1, 2015). As Middleton states in his hand-printed Complaint ¶ 4 "Statement of Claim," that failure on the part of the County Jail personnel had continued despite his having filled out several grievances in the interim.

Before this opinion turns to consideration of the Application and the Motion, which call for this Court to comply with the requirements of 28 U.S.C. § 1915,[1] it is necessary to engage in

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

the screening process mandated by Section 1915A. In particular, a threshold look must be taken at whether Middleton has "state[d] a claim upon which relief may be granted" (Section 1915A(b)(1)).

In that respect, although this Court does not of course express an ultimate view on the substantive viability of Middleton's claim, for threshold evaluation purposes it credits Middleton's allegations and finds that they qualify under the principle exemplified by <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976) and its progeny -- that is, Middleton has charged that he has been the victim of "deliberate indifference to a serious medical need." And "a serious medical need" is clearly set out by a lengthy publication by the Mayo Clinic on the subject of sleep apnea.[2] That said, Middleton's Complaint survives the initial Section 1915A scrutiny, and this opinion turns to the Application and the Motion.

As to the former, Middleton has not accompanied it with the information necessary for this Court to carry out its responsibility under Section 1915(b)(1) -- that is, a certified copy of his trust fund account statement covering the time frame between his August 20, 2015 booking at the County Jail and the filing date of his Complaint. In that regard two matters should be mentioned:

1. As for the Complaint's "filing" date, Middleton must supplement the materials that he has already provided with an identification of the "mailbox rule" date (see <u>Houston v. Lack</u>, 487 U.S. 266 (1988)): the date on which he either mailed his papers to the court or delivered them to the authorities at the County Jail with a direction to place the papers in the

---

[2] This Court of course recognizes that Sheriff Dart may not be the proper target for Middleton's Complaint, because the delinquency charge there is ascribable to the County Jail medical staff and not to the Sheriff himself. That subject, however, can best be addressed by Middleton's designated counsel (more on that subject later).

mail. That identification is needed here because (a) Middleton has left his signature undated on all three of his filings, (b) the certificate by the fiscal officer at the County Jail at the foot of the Application is dated October 7 and (c) Middleton's papers were not received and filed in this District Court until October 26.

2. If Middleton was in custody at any other correctional institution or institutions during the six-month period ended with the "filing" date referred to above, he must also obtain and present a certified copy of the trust fund account statement at each such institution going back to a date six months before the "filing" date of the Complaint.

When this Court receives the required information, it will carry out its responsibilities under Section 1915(d)(1).

Despite the absence of the entire input required to deal with the Application, it appears highly likely that Middleton will qualify for in forma pauperis treatment. Accordingly, pursuant to Section 1915(e)(1) this Court grants the Motion (Dkt. Nos. 4 and 5) provisionally and has obtained the name of this member of the District Court trial bar to serve as Middleton's counsel:

> Patrick Edward Deady
> Hogan Marren Babbo & Rose, Ltd.
> 321 North Clark Street
> Suite 1301
> Chicago, Illinois 60654
> 312-946-1800
> E-mail: ped@hmbr.com.

Attorney Deady is ordered (1) to consult with Middleton as early as is feasible, (2) to assist him with providing the materials called for above in connection with the Application and (3) to

consider whether to proceed with Middleton's self-drafted Complaint or to provide an Amended Complaint in its stead.

**Conclusion**

For the reasons stated in this opinion:

1. Middleton's Complaint has survived this Court's initial Section 1915A scrutiny.

2. Middleton's Application (Dkt. No. 3) is entered and continued for further consideration when the additional materials called for by this opinion have been provided to this Court. Those materials are ordered to be filed on or before December 18, 2015.

3. Middleton's Motion (Dkt. Nos. 4 and 5) is granted provisionally, with attorney Deady designated to serve as Middleton's counsel and ordered (1) to consult with Middleton as early as is feasible, (2) to assist him with providing the materials called for above in connection with the Application and (3) to consider whether to proceed with Middleton's self-drafted Complaint or to provide an Amended Complaint in its stead.

4. This action is set for an initial status hearing at 9 a.m. on January 22, 2016.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Milton I. Shadur
　　　　　　　　　　　　　　　　Senior United States District Judge

Date: November 18, 2015