# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

WALTER C. MIDDLETON, )
 )
            Plaintiff, )
 )
v. ) Case No. 15 C 9543
 )
TOM DART, Sheriff of Cook County, et al., )
 )
            Defendants. )

## MEMORANDUM ORDER

With this Court's May 31 oral ruling having dismissed Sheriff Tom Dart as a co-defendant in this 42 U.S.C. § 1983 ("Section 1983") action brought by Walter Middleton ("Middleton"), the sole remaining active defendant in this action[1] -- Registered Nurse Susan Shebel ("Shebel") -- has filed what purports to be an Answer to the First Amended Complaint ("FAC") drafted by Middleton's designated counsel. This memorandum order is issued sua sponte because of the seriously flawed nature of that responsive pleading.

More than one-third of the responses in the Answer (see Answer ¶¶ 5-17) purport to draw on the disclaimer allowed by Fed. R. Civ. P. ("Rule") 8(b)(5) when a defendant cannot in the subjective and objective good faith demanded by Rule 11(b) either admit or deny a plaintiff's allegation (see App'x ¶ 1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). But Shebel's counsel has improperly departed from the path plainly marked out by that Rule by totally omitting the critical requirement that makes the disclaimer unavailable

---

[1] Although the First Amended Complaint filed on Middleton's behalf by the trial bar member designated to serve as his counsel also lists "John and James Does 1-10" among the defendants, no known individual has yet been named to replace the "Doe" references.

unless the pleader disclaims the ability to have formed a belief about the allegation. And if that requirement is taken seriously, there is really no question that a good many of Middleton's allegations cannot be met with that creative -- but impermissible -- departure from Rule 8(b)(5)'s requirements. Such a practice, regrettably encountered in a substantial number of responsive pleadings in this District Court's cases, flouts the principle of notice pleading that should be followed by parties on both sides of the "v." sign. After all, the real function of pleading is to make plain just what matters are and what matters are not in controversy between the litigants.

Nor is it sound practice for Shebel's counsel to follow what should be a straightforward admission of allegations that justify such candor with gratuitous "denials" that Middleton "has properly stated a cause of action or is otherwise entitled to the relief he seeks" (see Answer ¶¶ 1 through 4). If Shebel's counsel believes that such a contention can be advanced in good faith when Middleton's allegations are accepted as true (together with reasonable favorable inferences), as Rule 12(b)(6) requires, that position must be presented up front by a properly supported motion, rather than leaving the contention as a ticking time bomb available to be exploded at some future date.

In summary, the existing Answer is stricken, but with leave granted to file a self-contained Amended Answer to the FAC on or before June 20, 2016. Because Shebel's counsel is a member of the State's Attorney Office rather than outside counsel, there is no need to include a directive that no charge should be made to the client for the correction of counsel's errors.

_Milton I. Shadur_
Milton I. Shadur
Senior United States District Judge

Date: June 6, 2016